Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000081
15-FEB-2018
09:43 AM

NO. CAAP-17-0000081

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JASON K. UCHIMA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-16-01965)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Jason K. Uchima (Uchima) appeals from the January 24, 2017 Notice of Entry of Judgment and/or Order and Plea/Judgment[1] and the February 23, 2017 Notice of Entry of Judgment and/or Order and Plea/Judgment[2] entered by the District Court of the First Circuit, Honolulu Division (District Court). Uchima was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2017).[3]

---

[1] The Honorable James H. Ashford presided.

[2] The Honorable Linda K. Luke presided.

[3] HRS § 291E-61(a)(1) states:

§291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

On appeal, Uchima contends (1) the District Court erred by denying his July 13, 2016 Motion to Suppress because he was not advised of his <u>Miranda</u> rights and did not waive his <u>Miranda</u> rights while in custody and being interrogated during a traffic stop, and (2) there was insufficient evidence to convict him.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Uchima's points of error as follows, and affirm.

(1) Relying on <u>State v. Tsujimura</u>, 140 Hawai'i 299, 311, 400 P.3d 500, 512 (2017), Uchima contends the District Court erred by denying his motion to suppress both Officer Richard Townsend's (Officer Townsend) observations of his performance on the standardized field sobriety tests and his responses to "medical rule-out questions" because he was not read the warnings required by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and he was "seized at the moment that Officer Townsend detained him for the investigative stop and, 'his right to remain silent was invoked, and this right continued during his detention.'" However, <u>Tsujimura</u> does not hold that <u>Miranda</u> warnings must be administered at the initiation of a traffic stop. Rather, the issue in <u>Tsujimura</u> was whether pre-arrest *silence* could be used as substantive evidence against the defendant. <u>Tsujimura</u>, 140 Hawai'i at 314, 400 P.3d at 515.

<u>Miranda</u> warnings are required before custodial interrogation. However,

> [P]ersons temporarily detained for brief questioning by police officers who lack probable cause to make an arrest or bring an accusation need not be warned about incrimination and their right to counsel, until such time as the point of arrest or accusation has been reached or the questioning has ceased to be brief and casual and [has] become sustained and coercive.

<u>State v. Ah Loo</u>, 94 Hawai'i 207, 210, 10 P.3d 728, 731 (2000) (citations omitted). A person who has been stopped for a suspected traffic violation, without more, is not in custody. <u>Ah Loo</u>, 94 Hawai'i at 211, 10 P.3d at 732 ("an individual may very well be "seized," within the meaning of article I, section 7 of the Hawai'i Constitution (inasmuch as, 'given the totality of the circumstances, a reasonable person would have believed that he or

she was not free to leave,') and yet not be 'in custody,' such that <u>Miranda</u> warnings are required as a precondition to any questioning." (citation omitted)). <u>See also</u>, <u>State v. Wyatt</u>, 67 Haw. 293, 300-01, 687 P.2d 544, 550 (1984) (during traffic stop, police officer was not required to issue <u>Miranda</u> warnings prior to asking motorist if she had been drinking); <u>State v. Kuba</u>, 68 Haw. 184, 184, 706 P.2d 1305, 1306 (1985) (during traffic stop, investigative questioning regarding suspicion of alcohol or drug impairment did not require <u>Miranda</u> warnings).

Uchima argues that the information Officer Townsend had at the time he "requested that Uchima get out of his car" constituted probable cause that Uchima had committed the offense of OVUII, Uchima was the focus of the investigation and was not free to leave, and the medical rule-out questions were beyond the brief questions to confirm or dispel Officer Townsend's suspicions. However, Uchima points to no facts that would distinguish this case from other OVUII investigatory stop cases in which it was concluded <u>Miranda</u> warnings were not required. As <u>Ah Loo</u> makes clear, a defendant is not in custody for purposes of <u>Miranda</u> merely because he or she had been pulled over pursuant to a valid traffic stop. <u>State v. Kaleohano</u>, 99 Hawai'i 370, 376, 56 P.3d 138, 144 (2002).

Admission of Uchima's performance on the standardized field sobriety tests does not violate his right against self-incrimination. The right against self-incrimination is not necessarily implicated whenever a person suspected of criminal activity is compelled in some way to cooperate in developing evidence which may be used against him. <u>State v. Wyatt</u>, 67 Haw. 293, 302, 687 P.2d 544, 551 (1984). In <u>Wyatt</u>, the court stated that observations of a defendant's performance on field sobriety tests was an exhibition of physical characteristics of coordination. <u>Id.</u> at 303, 687 P.2d at 551. Thus, the <u>Wyatt</u> court held that since performance on field sobriety tests was not communication nor testimony, the trial court did not err by refusing to suppress the field sobriety test observations. <u>Id.</u> at 301-03, 687 P.2d at 550-51.

Uchima's right to remain silent was not violated with respect to answers he provided to the "medical rule-out" questions. Uchima's counsel first examined Officer Townsend regarding these questions and Uchima's specific answers to those questions. Officer Townsend testified that after Uchima indicated that he would participate in the standardized field sobriety tests, he asked Uchima whether he had any physical defects or speech impediments, was taking any medication, was under the care of a doctor, dentist, or eye doctor, had an artificial or glass eye, or was epileptic or diabetic. Uchima responded in the negative to each question. Again, Tsujimura, concerned the admissibility of Tsujimura's silence, not his statements to the police. Tsujimura, 140 Hawai'i at 313, 400 P.3d at 514 (observing it is a "well-established tenet that a person being questioned by a law enforcement officer during an investigatory stop 'is not obliged to respond.'" quoting Berkemer v. McCarty, 468 U.S. 420, 439 (1984)).[4]

It was not a violation of Uchima's Miranda rights to admit Officer Townsend's observations of Uchima's driving, Uchima's answers to medical rule-out questions, and his performance on the field sobriety tests at trial.

(2) Uchima claims that without the erroneously admitted observations of Uchima's performance on the standardized field sobriety tests, there was no substantial evidence to support his conviction. As stated above, the District Court did not err by refusing to suppress observation of Uchima's actions and responses to Officer Townsend's questions. When the evidence adduced in the trial court is considered in the strongest light for the prosecution, there was substantial evidence to support Uchima's conviction. State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

---

[4]     In any event, it was Uchima that introduced his answers to the "medical rule-out" questions at trial. On direct examination and on redirect examination of Officer Townsend, the issue of the "medical rule-out" questions was not raised by the State. Therefore, to the extent it was error to admit this evidence, the error was committed by Uchima.

Officer Townsend first observed Uchima traveling in a black Acura on Beretania Street at Punchbowl Street which is a public way, street, road, or highway in the County of Honolulu, State of Hawai'i.

Officer Townsend noticed Uchima had an odor of alcohol, slurred speech, and red and watery eyes. When Uchima exited his vehicle, he was unsteady on his feet and had to use his vehicle to keep his balance. During the walk-and-turn test, Uchima did not count out loud, during the first nine steps he missed every heel-to-toe step, stepped off the line on every step, and raised his hands, all of which were contrary to the instructions. Uchima also swayed while he walked. On the nine steps back, he missed every heel-to-toe step, stepped off the line, raised his arms, did not count, and took ten steps back, all of which were contrary to the instructions. It appeared that Uchima was taking normal steps instead of putting one foot in front of the other.

During the one-leg stand test, Uchima was instructed to lift one leg off the ground, point the toe straight out, look down, keep his hands to the side, and count until he was told to stop, approximately 30 seconds. During the first 10 seconds, Uchima raised his arms and swayed in all directions. During the next 10 seconds, Uchima had his arms raised, was swaying, had difficulty balancing, and put his foot down once. During the last 10 seconds, Uchima still had his arms raised and was swaying, and hopped on his planted foot once. Uchima was not able to perform the one-leg stand test as instructed. Therefore, there was sufficient evidence that Uchima was under the influence of alcohol in an amount sufficient to impair a person's normal mental faculties or ability to care for the person and guard against casualty when he operated or assumed actual physical control of his vehicle on a public way, street, road, or highway in the County of Honolulu, State of Hawai'i.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on January 24, 2017 and Notice of Entry of Judgment and/or Order and

Plea/Judgment, entered on February 23, 2017 in the District Court of the First Circuit, Honolulu Division, are affirmed.

DATED:  Honolulu, Hawai'i, February 15, 2018.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Chief Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge